IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Milton Boggs, II, | Case No. 3:12 CV 2458 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ms. Cain, et al., | |
| Defendants. | |

*Pro se* Plaintiff Milton Boggs, II filed this action against Toledo Correctional Institution ("TCI") Health Care Administrator Cain and Ohio Department of Rehabilitation & Correction ("ODRC") Chief Inspector Mona Parks. Plaintiff alleges Defendants failed to provide him with proper medical treatment in violation of the Eighth Amendment. He seeks monetary relief.

Plaintiff also filed a Motion for Appointment of Counsel (Doc. 3).

## BACKGROUND

Plaintiff is a state prisoner currently incarcerated at TCI. He alleges he injured his back while a pre-trial detainee at the Summit County Jail. After his transfer to TCI, Plaintiff claims unidentified medical staff members diagnosed him with degenerative disc disease and chronic arthritis in his lower lumbar (Doc. 1 at 4–5), and advised him to purchase pain medication (which he cannot afford) from the prison commissary (Doc. 1 at 5). Plaintiff also claims generally he has difficulty using the restroom and observes blood in his urine and/or stool (Doc. 1 at 4). He claims he has not received treatment for this medical issue.

Rather, Plaintiff asserts TCI medical staff are treating his conditions as mental health issues instead of properly addressing his actual physical ailments. He claims his repeated requests to see a doctor have been denied, and asserts he is unable to perform normal tasks because TCI medical staff are masking his underlying symptoms with "mind altering" mental health medications (Doc. 1 at 4). Plaintiff claims he filed grievances but without success (Doc. 1 at 2, 5).

Plaintiff filed the instant Complaint (Doc. 1) in October 2012, alleging Defendants failed to provide him with proper medical treatment in violation of the Eighth Amendment. He seeks monetary relief. Plaintiff did not sue TCI medical personnel who treated him in their individual capacities. *See Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012) (discussing application of qualified immunity to claims brought against prison doctor and nurse).

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to

2

include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff asserts Defendants violated his constitutional rights when they failed to provide him with proper medical treatment. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes authorizing an award of damages for alleged constitutional violations. As no other statutory provision appears to present an arguably viable vehicle for the assertion of Plaintiff's constitutional claims, this Court construes them as arising under 42 U.S.C. § 1983.

To set forth a cognizable Section 1983 claim, Plaintiff must establish (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a Section 1983 claim, that claim must fail. *Id.* at 375.

### Official Capacity Claims

To the extent Plaintiff states claims against Cain and Parks in their official capacities, these claims are dismissed. The Supreme Court has held "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As Cain and Parks are employed by TCI and the ODRC, and thus state employees, Plaintiff's official capacity claims against these Defendants are construed against the State of Ohio.

3

The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity. *Lantham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Alternatively, a plaintiff may sue a state for damages in federal court if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55 (1996).

In this case, the State of Ohio has not waived sovereign immunity. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). In addition, the Supreme Court has held the federal statute invoked in this case, 42 U.S.C. § 1983, was not intended to abrogate the states' Eleventh Amendment immunity. *See Will*, 491 U.S. at 66–67. Because the Eleventh Amendment bars suits for monetary damages against state employees sued in their official capacities, Plaintiff's official capacity claims against Cain and Parks are dismissed.

A claim for prospective injunctive relief may proceed against a state official sued in his official capacity. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). Plaintiff, however, does not seek injunctive relief (Doc. 1 at 6). Thus, this exception is inapplicable.

Finally, the Supreme Court has held that state agencies and officials sued in their official capacities for monetary damages are not considered "persons" for purposes of a Section 1983 claim. *See Will*, 491 U.S. at 71. Consequently, Plaintiff also fails to state claims for monetary damages against these Defendants under Section 1983.

**Eighth Amendment Claims**

Plaintiff alleges Cain and Parks violated his Eighth Amendment rights because TCI failed to provide him proper medical treatment for his chronic arthritis, degenerative disc disease, and bowel problems. Specifically, Plaintiff alleges unidentified TCI medical personnel prescribed

4

unspecified mental health medications rather than addressing his underlying medical problems. He also claims TCI failed to properly address pain from his underlying medical conditions by requiring him to purchase medication from the prison commissary which he cannot afford.

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id*. at 103. In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991).

First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id.* Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Id.* at 9. Routine discomforts of prison life do not suffice. *Id*. Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even assuming Plaintiff's conditions are "sufficiently serious" under the above test, this Court finds Plaintiff has not demonstrated deliberate indifference to his serious medical needs. As the Supreme Court has explained, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105. Rather, in order to state a cognizable claim, Plaintiff must "allege acts or omissions sufficiently harmful to evidence *deliberate indifference* to serious medical needs." *Id.* (emphasis added). Deliberate indifference may be established by a "'showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment.'" *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Under this analysis, "grossly inadequate medical care" consists of medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). The relevant inquiry in determining whether a defendant provided grossly inadequate medical care is whether "a reasonable doctor . . . could have concluded his actions were lawful." *Id.*

Here, Plaintiff fails to provide any factual allegations explaining his assertion Defendants are improperly treating his physical ailments with mental health medications. He does not explain what mental health medications have been prescribed, who prescribed them, or why. Nor does he allege how these unspecified medications relate to, or interfere with, his treatment for chronic arthritis or degenerative disc disease. Moreover, Plaintiff fails to set forth any factual allegations regarding whether Cain and Parks had any knowledge of his mental health treatment and the allegedly negative effects it has had on him. Plaintiff's general assertion that unidentified "mental health doctors" prescribed mental health medications in order to avoid treating his underlying

physical conditions is insufficient to demonstrate "grossly inadequate medical care." *Terrance,* 286 F.3d at 844.

Plaintiff also fails to allege deliberate indifference with respect to his claim Defendants provided inadequate treatment for his chronic arthritis and degenerative disc disease by advising him to purchase medication from the prison commissary. Plaintiff does not appear to allege such medication is insufficient to address his condition. Rather, Plaintiff asserts Defendants violated his Eighth Amendment rights because he cannot afford to purchase this medication. The Eighth Amendment does not guarantee prisoners unlimited access to the medical treatment of their choice, nor does it require medical care to be given free of charge if the inmate cannot afford it. *See Reynolds v. Wagner*, 128 F.3d 166, 173–75 (3d Cir. 1997); *Fayne v. Smith*, 2012 WL 589529, at \*2 (N.D. Ohio 2012). Moreover, there are no allegations in the Complaint suggesting Cain or Parks were personally aware of Plaintiff's financial concerns and nevertheless denied him access to necessary treatment. Although Plaintiff believes he should have been provided prescription pain medication free of charge, he has not set forth any allegations suggesting Defendants had any knowledge of or involvement in this determination or that the failure to provide such medication amounted to "deliberate indifference" to his serious medical needs.

Finally, Plaintiff alleges deliberate indifference based on Defendants' alleged failure to provide medical treatment for blood he allegedly observed in his urine and/or stool. Again, Plaintiff fails to provide any factual allegations explaining this claim. He states only that he told "nursing staff he cannot use the restroom and often fills the toilet with brite [sic] red blood from his bowels" (Doc. 1 at 4). No further information is provided regarding the frequency or severity of these symptoms, what attempts Plaintiff made to obtain medical care, or whether Cain and/or Parks had any knowledge of this particular medical issue. Under *Twombly* and *Iqbal*, a plaintiff is not required

7

to prove his claim in the complaint, but he must plead more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id*. While the symptoms Plaintiff describes could potentially be indicative of a serious medical problem, this Court must dismiss this claim in light of Plaintiff's failure to set forth sufficient factual allegations suggesting Cain and Parks were aware of Plaintiff's symptoms and nevertheless were deliberately indifferent to his need for medical treatment.

It is possible Plaintiff bases his Eighth Amendment claims against Cain and Parks on their responses to his grievances. Responding to a grievance or otherwise participating in the grievance procedure, however, is insufficient to trigger liability under the Eighth Amendment. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The denial of a grievance is not the same as the denial of a request to receive medical care. *See Martin v. Harvey*, 2001 WL 669983, at *2 (6th Cir. 2001). Plaintiff cannot establish Defendants' liability absent a clear showing that Defendants were personally involved in the activities which form the basis of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012). The Complaint contains no facts suggesting Cain or Parks were personally involved in decisions relating to Plaintiff's medical care.

Accordingly, this Court finds the Complaint fails to state a claim under the Eighth Amendment.

**Motion for Appointment of Counsel**

On January 7, 2013, Plaintiff filed a Motion for Appointment of Counsel (Doc. 3). In light of this Court's dismissal of the Complaint, Plaintiff's Motion is denied as moot.

**CONCLUSION**

For the foregoing reasons, this action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e) and Plaintiff's Motion for Appointment of Counsel (Doc. 3) is denied as moot. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

            s/ *Jack Zouhary*
            JACK ZOUHARY
            U. S. DISTRICT JUDGE

January 23, 2013